HEARD NOVEMBER TERM, 1877.

## LEBESCHULTZ *vs.* MAGRATH.

Where the action is brought in a wrong County, the defendant must, before the time for answering expires, demand in writing that the place of trial be changed to the proper County, as directed by Section 149 of the Code, or otherwise he will be held to have waived his right.

The question under Section 149 of the Code is not one of jurisdiction but of practice merely.

BEFORE CARPENTER, J., AT EDGEFIELD, APRIL TERM, 1876.

Action by M. Lebeschultz against Thomas P. Magrath to recover the amount of a sealed note given by defendant to the plaintiff.

The defendant, by his answer, alleged that he was a resident of Charleston County, but he made no demand in writing before the time for answering expired, as directed by Section 149 of the Code, that the place of trial be changed from Edgefield County to Charleston. The jury, under the instructions of the Circuit Judge, found for the plaintiff, and the defendant appealed on the grounds that the Circuit Court for Edgefield had no jurisdiction in the action.

*Abney,* with whom was *Youmans,* for appellant.

*Bonham & Sheppard,* contra.

March 8, 1878.   The opinion of the Court was delivered by

HASKELL, A. J.   The appeal in this case is conclusively met by Section 149 of the Code of Procedure, Revised Statutes, p. 598. It is an entire mistake to make this a question of jurisdiction. Section 149 specifically sustains the jurisdiction in this case—"unless the defendant, before the time for answering expire, demand in writing that the trial be had" in the County in which he claimed to reside. On the contrary, it is a question of practice, and when the defendant waived the remedy which Section 149 provides he waived any objection to the place of trial.

The motion for a new trial is refused.

*Willard,* C. J., and *McIver,* A. J., concurred.